IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEMATRIC DeSHONE YOUNG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-231-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner DEMATRIC DeSHONE YOUNG.[1]  For the following reasons, petitioner's habeas application should be DISMISSED.

### I.
### STATEMENT OF PETITIONER'S CASES

On January 30, 1996, petitioner was convicted in the 137th Judicial District Court of Lubbock County, Texas of the first degree offense of possession with intent to deliver a controlled substance.  Petitioner was assessed a 7-year sentence of confinement as punishment; however, petitioner's sentence was suspended, and he was placed on probation until November 13, 1997

---

[1]Petitioner filed his petition under 28 U.S.C. § 2254; however, petitioner does not challenge the constitutional legality or validity of any of his underlying state court convictions or sentences.  Instead, by this proceeding, petitioner seeks flat time credit toward one of his state court sentences, or immediate release from confinement to parole, as a remedy for an error committed by respondent in calculating his parole eligibility, which resulted in a delay in his initial review for parole on one of his sentences.  Even if his application is properly brought as a petition under 28 U.S.C. § 2241, this Court has jurisdiction over petitioner as he is confined within this division.

when said probation was revoked and petitioner was again assessed a 7-year sentence. *State v. Young*, No. 95-412,070. [ECF 10-1 at 3].

On November 13, 1997, petitioner was convicted by a jury in the 137th Judicial District Court of Lubbock County, Texas of the second degree felony offense of delivery of a controlled substance in a drug free zone. *State v. Young*, No. 97-424,833. [ECF 11-7 at 16, 25]. The jury assessed punishment, imposing a 20-year sentence of confinement and assessing a $10,000 fine. [ECF 11-7 at 24]. In the Judgment entered in that cause, the state trial court noted:

> Pursuant to Chapter 481 of the Texas Controlled Substances Act Article 481.134(h) this Cause is not to run concurrent with the punishment for conviction this Defendant received under any other criminal statute. Therefore, the sentence in this cause shall begin when the sentence in Cause No. 95-421070 has ceased to operate.

[ECF 11-7 at 25].

On January 14, 1998, petitioner was convicted by a jury in the 137th Judicial District Court of Lubbock County, Texas of the second degree felony offense of possession with intent to deliver a controlled substance in a drug free zone. *State v. Young*, No. 97-425,791. The jury assessed punishment, imposing an 18-year sentence of confinement. In the Judgment entered in that cause, the state trial court noted:

> Pursuant to Chapter 481 of the Texas Controlled Substances Act Article 481.134(h) this Cause may not run concurrent with punishment for a conviction under any other criminal statute. Therefore, the sentence in this cause shall begin when the sentence in Cause Number 95-421070 has ceased to operate and when the sentence is Cause Number 97-424833 has ceased to operate.

[ECF 10-1 at 22]. Petitioner does not challenge the constitutional legality or validity of any of his three (3) underlying state court convictions or sentences; therefore, recitation of the procedural history of his direct appeals, taken only in Cause Nos. 97-424,833 and 97-425,791, is not necessary.

On November 30, 2017, petitioner purportedly placed the instant federal application for

habeas corpus in the prison mailing system, such application being received and file-stamped in this Court on December 1, 2017. [ECF 3]. On February 2, 2017, respondent filed an Answer arguing petitioner's habeas application should be "denied and dismissed with prejudice" because petitioner fails to state a claim for which federal habeas relief may be granted and/or fails to state a claim that entitles him to relief. [ECF 10]. On February 21, 2018, petitioner filed a reply essentially arguing admitted error committed by respondent in this case resulted in a denial of due process and a Constitutional deprivation that cannot be remedied except by the Court awarding the following relief: ordering respondent to apply flat time credit toward his current 18-year sentence for the length of time his parole review on his 20-year sentence was wrongfully delayed, and ordering respondent (or, rather, the Texas Board of Pardons and Paroles) to immediately review him for release to parole on his 18-year sentence, which will be parole eligible after the award of flat time. [ECF 12].

## II.
## SENTENCE CALCULATIONS

Petitioner began his first sentence, the 7-year sentence, on December 17, 1996. On April 16, 1999, petitioner was reviewed for parole but denied release and given a two-year set off. Petitioner was not, however, reviewed for parole in April 2001 as scheduled; instead, he ultimately discharged his sentence on December 17, 2003, at which time his 7-year sentence "ceased to operate" and his second sentence, the 20-year sentence, began.

After being credited 178 days toward his sentence,[2] petitioner's 20-year sentence begin date was modified or backdated to June 22, 2003. Because petitioner's 20-year sentence was in

---

[2]Petitioner's Judgment credited petitioner with pre-sentence jail time from May 19, 1997 to November 13, 1997. [ECF 11-7 at 25].

relation to a drug free zone, petitioner was required to serve five (5) years before becoming eligible for parole.  Therefore, petitioner became eligible for release to parole on his 20-year sentence on June 22, 2008.  Admittedly, however, the State erred and failed to review petitioner for release to parole on his 20-year sentence on or about that time.[3]  On September 24, 2011, 3 years and 3 months later, respondent discovered the error and immediately placed petitioner under parole review.  However, before a parole hearing could be held, petitioner, on October 8, 2011, was removed from review for a major disciplinary infraction he had committed on October 2, 2011.  On April 23, 2013, after again gaining eligibility for parole, petitioner was reviewed for parole on his 20-year sentence but denied release and given a one-year set off.  On August 6, 2014, petitioner was reviewed for parole a second time and, again, denied release and given a one-year set off.  On September 9, 2015, petitioner was reviewed for parole a third time and was approved for release.  Petitioner was ultimately released to parole on his 20-year sentence on October 1, 2015, at which time his 20-year sentence "ceased to operate" and his 18-year sentence began.

After being credited 240 days toward his sentence,[4] petitioner's 18-year sentence begin date was modified or backdated to February 3, 2015.  [ECF 11-7 at 61].  Petitioner is currently being held pursuant to the judgment and 18-year sentence in Cause No. 97-425791, as he has discharged his first sentence and was paroled on his second, Cause Nos. 95-421070 and 97-424833 respectively.  Because petitioner's 18-year sentence was in relation to a drug free zone, petitioner must serve five (5) years before becoming eligible for parole, or until February 3, 2020.  [*Id*.; ECF 11-5 at 5-8].

---

[3]Respondent initially incorrectly calculated petitioner's parole eligibility date as ten years flat.  [ECF 11-5 at 7].

[4]Petitioner's Judgment credited petitioner with pre-sentence jail time from May 19, 1997 to January 15, 1998.  [ECF 10-1 at 22].

## III.
## STATE HABEAS PROCEEDING

On February 16, 2017, petitioner filed an application for state habeas corpus relief contending he "was not timely reviewed for parole" on his 20-year sentence in Cause No. 97-424,833. Petitioner alleged "that [] because the Texas Board of Pardons and Paroles did not afford him a timely parole review" on his 20-year sentence, "he was denied the opportunity to have the [20-year] sentence 'cease to operate' and allow the [18-year] sentence that is cumulated on [the 20-year] sentence to begin running." *In re Young*, No. WR-86,844-01. [ECF 11-7 at 48-52, 11-8 at 2].

On remand, the state trial court entered Findings of Fact and Conclusions of Law recommending petitioner's state habeas application be denied. [ECF 11-5 at 17-22]. The trial court found petitioner "was not timely reviewed for parole . . . in June of 2008 when he was initially eligible for release on parole" on his 20-year sentence. [*Id*. at 20]. The court found respondent corrected its error in September 2011 by placing petitioner under parole review, but then "subsequently reviewed [petitioner for release to parole] on repeated occasions -- with the Board of Pardons and Paroles determining that he should not be granted parole." [*Id*. at 21]. The trial court thus concluded petitioner was not entitled to habeas relief based on his claims of failure to conduct a timely parole review on petitioner's 20-year sentence.

On September 20, 2017, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. [ECF 11-1].

## IV.
## DELAY OF REVIEW FOR RELEASE TO PAROLE

By the instant application for federal habeas corpus relief, petitioner complains of the State's admitted delay in reviewing petitioner for release to parole on his second sentence, *i.e.*, the

20-year sentence for the offense of delivery of a controlled substance in a drug free zone. Specifically, petitioner appears to allege the Texas Board of Pardons and Parole did not provide him with a parole interview and/or hearing for five (5) years after he became eligible for parole in violation of the Texas Administrative Code. Petitioner argues he was thus denied the opportunity to have his 20-year sentence "cease to operate" in order for his 18-year sentence to begin, the loss of which he contends amounted to a violation of his right to due process under the United States Constitution. Petitioner argues the only way to remedy respondent's admitted error in delaying his parole review on his 20-year sentence is to award flat time credit toward his 18-year sentence, the sentence he is currently serving. Petitioner thus requests this Court award him five (5) years of "flat time" toward his 18-year sentence in Cause No. 97-425,791, which would render him immediately parole eligible and subject to review for release to parole.

The Court initially notes, as referenced above, that in September 2011, respondent discovered the error in calculating petitioner's parole eligibility that resulted in the delay in reviewing petitioner for parole review on his 20-year sentence and took immediate corrective action by placing petitioner in the review process. Almost immediately, however, he was removed from review due to his commission of a major disciplinary infraction and did not regain his parole eligibility and placement in parole review for approximately 1 ½ years. Therefore, there was a 3-year, 3-month delay in petitioner being placed under parole review, not a 5-year delay as petitioner contends. Even so, the Court acknowledges such a delay is not insignificant and that it does appear petitioner could, and in fact should, have been reviewed for release to parole on his 20-year sentence during this 3-year, 3-month period respondent incorrectly calculated petitioner's parole eligibility and delayed his parole review. Even though petitioner, after regaining his parole eligibility, was twice denied release and given one-year set offs until finally being approved for

release on his third review over two (2) years later, it is possible, although entirely speculative, that respondent's admitted error in causing the delay in reviewing petitioner for parole resulted in his 20-year sentence's "cease to operate" date being later than it otherwise would have.

While this Court is sympathetic to petitioner's situation, this is a proceeding solely for federal habeas corpus relief and petitioner has not presented a cognizable claim for federal habeas corpus relief. Federal habeas corpus relief is available only for violations of a petitioner's federal constitutional rights. A prisoner does not have a federal constitutional right to be released to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Likewise, a Texas prisoner does not have a state-created constitutional right to release to parole. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); 37 Tex. Admin. Code § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release."). Because Texas inmates have no protected liberty interest in release to parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (stating Texas prisoners cannot challenge any state parole review procedure on procedural or substantive due process grounds); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Petitioner has not demonstrated he has been deprived of any constitutionally protected federal right by the 3-year, 3-month delay of his parole review. Petitioner's claim that the respondent's admitted error resulted in a denial of his federal rights under the Due Process Clause is not cognizable on federal habeas corpus review and must be dismissed.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner DEMATRIC DeSHONE YOUNG be DISMISSED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 19, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).